**AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, LOCAL NO. 195, AFL–CIO**

v.

**James R. WAY, George B. Echenhofer, Jr., and Eugene F. Schulze, individually and trading as G. B. Echenhofer Co.**

Civ. A. No. 35894.

United States District Court
E. D. Pennsylvania.

Jan. 26, 1965.

Edward Davis, Alan R. Howe, Philadelphia, Pa., for plaintiff.

Bayard M. Graf, J. Willison Smith, Jr., Philadelphia, Pa., for defendant Eugene F. Schulze.

Walter G. Horowitz, Philadelphia, Pa., for defendants James R. Way, George B. Echenhofer, Jr. and G. B. Echenhofer Co.

GRIM, District Judge.

This is an action by a union under Section 301(a) of the Labor-Management Relations Act of 1947 as amended, 61 Stat. 156, 29 U.S.C.A. § 185(a), to compel arbitration of a dispute arising out of the discharge from defendants' employment of Gustave Fazen, a union member.

One of the defendant partners, Eugene F. Schulze, has filed an answer admitting all the allegations of plaintiff's complaint and joining in the prayer to compel arbitration. The other two defendants, James R. Way and George B. Echenhofer, Jr., have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b). Subsequently, plaintiff union filed a motion for summary judgment in its favor. Both the motion to

dismiss and the motion for summary judgment are presently before the court for disposition.

The relevant provisions of the collective bargaining agreement between the parties provide:

## "ARTICLE IV

## "DISCHARGE

"Section 1. The Employer may discharge an employee for good and sufficient cause.

"Section 2. No discharge may be objected to by the Union unless the Union notifies the Company of its objection, in writing, within five (5) working days of the date of such notification. [of discharge]

"Section 3. In the event the Union shall notify the Employer of its objection to a discharge in accordance with the above, the Employer and the Union shall endeavor to settle the same, and if unable to agree, shall submit the dispute to arbitration as hereinafter provided.

"Section 4. Should the parties hereto find themselves unable to agree concerning the discharge of any employee or employees, the dispute shall be referred to an arbitration committee * * *. The dispute must be settled within one (1) week of the discharge and the decision of the arbitrators shall be final and binding upon the parties hereto."

There is no doubt that the question whether Gustave Fazen was discharged for good and sufficient cause was and is arbitrable if the proper procedure were followed in attempting to bring the question to arbitration. In an affidavit filed in support of their motion to dismiss, defendants Way and Echenhofer assert that letters were sent on December 24, 1963 to Gustave Fazen and to plaintiff's business representative giving notice that Fazen would be discharged from his position effective January 6, 1964. It is asserted also that no written objection by the union to this discharge was received by the employer until April 28, 1964, when arbitration of the discharge was demanded.

Defendants Way and Echenhofer contend that by delaying its written demand for arbitration until April 28, 1964, plaintiff has forfeited its right to arbitrate Fazen's case because of the five day limitation in the arbitration clause. Plaintiff does not specifically deny the failure to demand arbitration until April 28, 1964, but in its complaint it avers that it has "complied with the necessary requirements relating to the handling of grievances" and that it has "not defaulted in carrying out the terms of its collective bargaining agreement or any other agreement * * *." At the oral argument on the motions before this court, counsel for Eugene F. Schulze, the partner who joined in plaintiff's demand for arbitration, contended that defendants Way and Echenhofer waived compliance with the five day procedural requirement by engaging in negotiations to settle the dispute from the time of the discharge until on or about April 28, 1964. While a statement during a court argument is not a recommended method of asserting a contention, apparently no one in the case denies that the question of possible waiver by the employer of the five day time limitation is in the case.

Thus it appears that the parties are in disagreement not only as to the basic issue whether Gustave Fazen was discharged for good and sufficient cause, but also as to the subsidiary procedural issue whether the Union, under the circumstances of this case and the terms of the arbitration clause, has notified the employer within sufficient time to make the dispute arbitrable. Plaintiff contends that both the basic issue and the procedural issue must be decided by the arbitrators. With this I agree.

In John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), the Supreme Court pointed out that judicial determination of "procedural arbitrability" would necessarily result in delaying the submission of the

basic grievance to arbitration contrary to the presumed desire of the parties to effect a speedy arbitrated settlement of disputes and the similar aims of national labor policy. The Court said at 559, 84 S.Ct. at 919:

"* * * [W]e think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play."

Likewise the Court of Appeals of the Third Circuit has clearly indicated that questions of "procedural arbitrability" are for the arbitrator. International Tel. & Tel. Corp. v. Local 400, 286 F.2d 329, 332 (3d Cir. 1961); Radio Corp. of America v. Ass'n of Professional Engineering Personnel, 291 F.2d 105, 110 (3d Cir. 1961).

Accordingly, the resolution of both the substantive and procedural disputes between the parties in the case is a matter for the arbitrators.